IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENDERICK LORAY SANDERS                                                                PLAINTIFF

v.                              Civil No. 1:24-cv-01061-SOH-BAB

JAILER JOSEPH TRIPP, Columbia County Detention Center (CCDC);
JAILER TYLER POOLE, CCDC; and
JAIL ADMINISTRATOR GENE SEGAR, CCDC;                                    DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Kenderick Loray Sanders, currently an inmate serving a parole violation at the Columbia County Detention Center ("CCDC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. *See* (ECF No. 3). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

This case is currently before the Court for preservice review under pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court recommends that Plaintiff's Complaint, (ECF No. 1), be dismissed without prejudice.

### I.     BACKGROUND

Plaintiff asserts one claim for relief against all three Defendants: He says that on August 2, 2024, Defendant Segar, the CCDC Jail Administrator, shared Plaintiff's private medical information with Defendants Poole and Tripp, CCDC jailers, who, in turn, shared that information

1

with the entire "jail pod." (ECF No. 1). Plaintiff asserts the defendants violated his privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by sharing this information. *Id.* at 9. He claims that the disclosure of his private health information caused him to lose his appetite, experience problems sleeping, and fear injury from being attacked by other inmates. He identifies the Defendants in their individual and official capacities and requests compensatory and punitive damages.

## II.  APPLICABLE STANDARD

Pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully [sic] pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must

allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff's sole claim alleges that the Defendants violated HIPAA by disclosing his private health information without his consent. *See* 42 U.S.C. § 1320d-1 *et seq*. Plaintiff's claim, however, fails as a matter of law because HIPAA does not create an express or implied private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPAA does not create a private right of action"); *Adams v. Eureka Fire Protection Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via Section 1983 or through an implied right of action."). This means that Plaintiff, a private party, cannot bring a civil action alleging that the Defendants violated HIPAA. The Court, therefore, recommends that Plaintiff's HIPAA claim against Defendants be dismissed. Because Plaintiff asserts no other claims, this Court further recommends that this action be dismissed without prejudice for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

### IV. CONCLUSION

For these reasons, (1) it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration..

**Status of Referral:   Referral should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2024.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE